ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                     )
                                                 )
Aspen Consulting, LLC                            )        ASBCA No. 61122
                                                 )
Under Contract No. W9127S-13-C-6003              )

APPEARANCES FOR THE APPELLANT:          Gerald H. Werfel, Esq.
                                        Ian A. Cronogue, Esq.
                                          Baker, Cronogue, Tolle & Werfel, LLP
                                          McLean, VA

APPEARANCES FOR THE GOVERNMENT:         Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                        Allen S. Black, Esq.
                                        Siobhan Fabio, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District, Little Rock

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

Appellant, Aspen Consulting, LLC, seeks $264,470.70 that it says represents two contract payments that the government misdirected to a German bank account (app. br. at 2, 4-5).

FINDINGS OF FACT[1]

On September 25, 2013, the parties contracted for Aspen "to outfit the U.S. Army Health and Dental Clinics in Rose Barracks, Vilseck, Germany" (R4, tab C-1 at 19, 30). The contract includes Federal Acquisition Regulation (FAR) 52.232-33, PAYMENT BY ELECTRONIC FUNDS TRANSFER—CENTRAL CONTRACTOR REGISTRATION (OCT 2003) (R4, tab C-2 at 191), which provides, at paragraph b:

> Contractor's EFT information. The Government shall make payment to the Contractor using the EFT [electronic funds transfer] information contained in the Central Contractor Registration (CCR) database. In the event that the EFT information changes, the Contractor

---

[1] Some of these recitations are, or are also, admissions. *See generally Raytheon Co.*, ASBCA No. 57743 *et al.*, 16-1 BCA ¶ 36,335 at 177,147 (explaining judicial and evidentiary admissions).

shall be responsible for providing the updated
information to the CCR database.

(R4, tab C-2 at 191) (bracketed material added).

In 2015, the government paid two Aspen invoices, Nos. 201501-1 and 201501-2, to an account at Commerzbank, a German bank (app. br. at 2; gov't br. at 6 ¶ 8). The government says that it did so at the request of a Mr. Benjamin French, and admits that at the time of that request, Aspen's "EFT information listed the Bank of America as being authorized to receive payments" under the contract (answer at 9; *see also* R4, tab J-6 at 88). Mr. French confirms that he made that request, and Aspen concurs (app. br. at 6 ¶ 8; R4, tab J-4 at 106-10). Mr. French did not discuss his request that the government direct the payments to Commerzbank with either Aspen's president, Gaye Toppert, or Aspen's chief financial officer, Kent Toppert, before making that request (R4, tab J-6, at 64-66).

Both of the invoices are signed by Mr. French, and both list a Commerzbank account as the recipient (R4, tab C-3 at 224, 226). That account – account no 202863700 – was assigned to Aspen, and Aspen employees were paid from that account (R4, tab C-29A; tab J-6 at 56). At the time of the two 2015 payments at issue, Mr. French was Aspen's vice-president, its chief operating officer, its Vilseck project manager responsible for day-to-day management of the contract, and its Aspen-designated point of contact for the government on the Vilseck project; Mr. French had signed at least one Vilseck contract modification on behalf of Aspen, and although he left Aspen in late 2015, in 2008, he had opened the Commerzbank account in the name of Aspen (albeit with direct access granted initially only to him until he added his wife, who was not an Aspen employee), with the knowledge of Aspen and Mr. Toppert, who wired the funds to Commerzbank to open the account (*see* app. br. at 4; R4, tabs C-3, C-29A, C-32, C-33, C-34, I-3 at 9, J-4 at 40-46, 50-55, 60, 70, 100, 111-18, 121-24, 147, ex. R7; tab J-6 at 24, 45-48, 53, 77, 82, 87, 113-16).

At least at one point, Mr. French had authority to sign contracts and contract modifications on behalf of Aspen:

> Q                  Did [Mr. French] have authority to enter
>                     into contracts?
>
> [Mr. Toppert]    Not on his own.
>
> Q                  Did [Mr. French] have the authority to
>                     investigate and propose change orders
>                     and execute modifications?

[Mr. Toppert]    Not without review by the company's president.

(R4, tab J-6 at 106)  Indeed, on at least several occasions regarding other contracts, Mr. French signed contractual documents on behalf of Aspen (R4, tabs C-42, C-44 to -47). And at least prior to the payments in question, Aspen never communicated to third parties that Mr. French's contractual authority was in any way limited (*see* R4, tab J-6 at 88).

<u>DECISION</u>

Aspen says that Mr. French acted without authority in requesting that the government direct contract payments to Commerzbank (rather than to Bank of America), and that the government breached the contract by honoring that request. We disagree.  FAR 52.232-33(b), provides that "[t]he Government shall make payment to the Contractor using the EFT information contained in the Central Contractor Registration (CCR) database.  In the event that the EFT information changes, the Contractor shall be responsible for providing the updated information to the CCR database."  Thus, the provision contemplates that a contractor could change its EFT information (for example, by requesting that payments be made to a "new" bank account) before updating that information in CCR.  Here, the EFT information did change:  Mr. French changed the EFT information to Commerzbank, and we conclude that he had at least apparent authority to do so.  Apparent authority is determined by looking at the conduct of the principal to assess whether the principal created a reasonable belief that the actor was authorized by the principal in the manner relied on.  *Seven Seas Shipchandlers*, ASBCA No. 57875 *et al.*, 13 BCA ¶ 35,193 at 172,678 (internal emphasis omitted).  Aspen not only designated Mr. French (its vice-president, chief operating officer, and day-to-day manager of the Vilseck project) to the government as its point of contact on the Vilseck project (without communicating to the government any limitations upon his authority), Mr. French signed at least one modification to the contract, all creating a reasonable belief that Aspen had authorized Mr. French to change Aspen's EFT information by directing that payments be made to Commerzbank.  To the extent that the updated information (that is, the substitution of Commerzbank for Bank of America) was not provided to the CCR database by the time the payments were made, causing a discrepancy between CCF and Mr. French's request, that is the fault of Aspen.

Aspen cites *S.A.S. Bianchi Ugo Fu Gabbriello*, ASBCA No. 53800, 05-2 BCA ¶ 33,089, but that opinion does not help its case.  First, *Bianchi* did not involve FAR 52.232-33.  *Id.* at 164,025 n.6.  Second, in *Bianchi*, no corporate representative requested that the government direct the disputed payments to the bank at issue there. *Id.* at 164,018-19.  Here, Mr. French, with at least apparent authority to do so, requested that the government direct the disputed payments to Commerzbank.

3

CONCLUSION

The appeal is denied.

Dated:  October 14, 2020

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61122, Appeal of Aspen Consulting, LLC, rendered in conformance with the Board's Charter.

Dated:  October 14, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4